The Wm. A. Howe Company v. Commissioner.
Wm. A. Howe Co. v. Commissioner
Docket No. 6022.
United States Tax Court
1945 Tax Ct. Memo LEXIS 88; 4 T.C.M. (CCH) 879; T.C.M. (RIA) 45286; September 10, 1945
Louis H. Wieber, Esq., Terminal Tower, Cleveland, O., for the petitioner. Lawrence R. Bloomenthal, Esq., for the respondent. SMITH Memorandum Findings of Fact and Opinion SMITH, Judge: This proceeding involves income and declared value excess profits tax deficiencies for 1941 and 1942 as follows: Declared Value
Excess Profits
Year
Income Tax
Tax
1941
$6.19
$ 14.47
1942
None
3,161.25
The question in issue is the right of the petitioner to deduct from gross income the full amount of salary paid to its vice-president during each of the years 1941 and 1942 of $4,200. In the original tax return filed for 1941, $3,700 of the salary paid to the vice-president was not deducted from gross income; in the *89 return for 1942 the full amount was claimed as a deduction but was disallowed by the respondent in the amount of $3,700. Findings of Fact The petitioner is an Ohio corporation with its principal place of business at Cleveland. Income and declared value excess profits tax returns for the taxable years were filed with the collector of internal revenue for the eighteenth district of Ohio, at Cleveland. Petitioner is engaged in the business of manufacturers of advertising window displays and general finishers to the printing and lithographing trades and has been so engaged since 1876. The president of the petitioner during the taxable years was Edgar W. Reutener. He has been president since 1933. His brother, Walter J. Reutener, was vice-president. Serious differences of opinion arose between the brothers in 1939 relative to methods of production and carrying on the business. It was deemed for the best interests of the company that either one or the other should withdraw. The president offered to withdraw but the board of directors refused to accept his resignation. Both brothers had been with the business since 1909 and both were thoroughly conversant with the entire operations. *90 Walter J. Reutener was an expert on machinery used in the business. He had many contacts with the petitioner's customers. The question in controversy between the brothers was referred to the attorney for the company, who had known their father and the brothers for a period of many years. He finally brought the brothers to agree that Walter should retire from active participation in the production end of the business. The agreement was that as of July 1, 1939, Walter J. Reutener should withdraw from full participation in the business. This was pursuant to the action of the board of directors on April 3, 1939, the minutes of which are as follows: "Mr. Wieber advised the Board of Directors that one of their number, namely, Walter J. Reutener, had agreed to an arrangement with the president of the company which provided for his retirement from full active participation in the affairs of the company as of July 1st, 1939, upon the condition that there be paid to him part-time salary of $350.00 per month as long as he remained a stockholder of the company and entered into no competition with the company, or committed any act against the officials of said company in their capacity as such *91 officers, and provided further that the financial standing of the company, compared with its standing as of today, would warrant the continuance of the payment of said part-time salary. "After a discussion of the subject, it was moved by Rachel M. Blake that the arrangement be adopted and ratified by the board of directors. "The foregoing motion was seconded by Edward Reutener and adopted by unanimous consent." Walter J. Reutener accepted the agreement which had been made a matter of record in petitioner's board of directors' meeting. He was not thereafter to enter into competition with the company; was to remain a stockholder, officer, and director of the company; and was to continue as sales representative and business adviser of the company. Walter J. Reutener has fulfilled his part of the agreement to date and at the time of making the agreement was under no physical disability and is still a robust and active man. When his attendance was required on company matters he was always present. He was not otherwise employed during the taxable years. Furthermore, he has been consulted with respect to the purchase of new machinery and has taken an active part in maintaining the *92 goodwill of the petitioner's customers, which are in number approximately 38. These customers obtain business from many important concerns within a radius of 200 miles of Cleveland, and also have contacts extending to other states. He is on the best of terms with a number of petitioner's important customers and has rendered valuable services to the petitioner from the time of his reduced activities in July, 1939. The stock of the petitioner consists of 140 shares of $500 par value each, 31 1/2 out of the total being owned by Walter either outright or beneficially, and a like number being owned by Edgar. The remaining shares are owned by four other stockholders. Since 1939 the company has not lost any of its customers. Its profits have increased. The record of its sales since 1938 is as follows: 1939
$276,152
1940
322,382
1941
343,663
1942
292,655
1943
305,858
1944
276,128
The only reason for the drop-off in business in the last year is the inability, because of Federal priority laws affecting petitioner, to secure cardboard and other materials needed in its business. Even with this lessened business, profits increased. In 1938 Walter J. Reutener was *93 paid a salary of $8,840. This salary was reduced in July, 1939, to an annual salary of $4,200 and has been continued at the same rate ever since. Reasonable compensation for the services rendered by Walter J. Reutener to the petitioner for the years in question was not less than $4,200 per annum. Opinion The only question presented by this proceeding is the right of the petitioner to deduct for each of the years 1941 and 1942 the full amount of the $4,200 paid to its vice-president, Walter J. Reutener. The respondent contends that the reasonable value of those services does not exceed $500. Section 23 (a) (1) of the Internal Revenue Code permits corporations to deduct from gross income all the ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business, including a reasonable allowance for salaries or other compensation for personal services actually rendered. The minutes of a meeting of the board of directors of the corporation held on April 13, 1939, shown in our findings of fact, do not fully state the understanding had between petitioner corporation and Walter J. Reutener. He was to continue as an *94 officer of the company and be available as business adviser. The transcript of record in this case shows the testimony of Edgar W. Reutener, president of the company, as follows: Q. And I will ask you what the understanding was between you and your brother regarding his duties with the Company in consideration of his salary? A. Well, Walter was very much in contact with our customers through the production end of it. In other words, when an order was in our plant and a customer wanted to know how we were progressing with it, they immediately contacted Walter. And through that relationship he had become very intimate with a lot of very good customers. And through that also it amounted to a certain amount of sales promotion necessarily on his part. And in 1939 when we had the controversy, if you want to call it that, we decided that Walter should maintain these contacts with the customers. The customers liked Walter. He was a good fellow and all that. And we felt for the good of the organization he should continue that. Q. All right. Now, what other service has he rendered the Company in this period since 1939? A. Well, he had [has] been a director as well as vice-president *95 of the Company, and whenever there are any items that should come up for discussion, he is called in on it, for more or less of an advisory capacity, like purchasing of additional equipment, changes in the plant, and so forth, why, he is always consulted on that, too. Q. Walter is a mechanical man, is he not? A. That's right. Q. And he has been acting in the capacity of a consultant since 1939? A. That's right. We still feel that he is active in the organization even though he doesn't appear at the office every day and doesn't come down, he still makes his contacts and directs sales promotion work, that is really where it is. That Walter J. Reutener rendered valuable services to the petitioner during the taxable years is amply shown by the evidence. He had been employed by the petitioner for approximately 30 years prior to July 1, 1939. He knew the business from the ground up. It was necessary that the corporation retain his goodwill and have him as a consultant upon matters connected with the purchase and installation of machinery, the promotion of sales, and as an adviser in connection with sources of supply. He rendered such services during the taxable years in good faith. *96 Respondent suggests that the salary which was paid to Walter was in the nature of a distribution of profits to one of its principal stockholders. We are persuaded that this payment was not in the nature of a distribution of profits but was purely as compensation for services rendered. The contract was entered into in good faith. We are of the opinion that the reasonable value for services performed by Walter during each of the taxable years was $4,200 per annum. Decision will be entered under Rule 50.